```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                      CASE NO. 23-CR-20454-JB


 UNITED STATES OF AMERICA,                Miami, Florida

                                          February 18, 2025
      vs.
                                          2:48 p.m. - 3:12 p.m.

 CARL ALAN ZAGLIN,                        Volume 1 of 1
 ALDO NESTOR MARCHENA, and
 FRANCISCO ROBERTO COSENZA CENTENO,

              Defendants.                 Pages 1 to 19
 _____

            TRANSCRIPT OF ZOOM STATUS CONFERENCE
          BEFORE THE HONORABLE JACQUELINE BECERRA
                UNITED STATES DISTRICT JUDGE

         APPEARANCES:


 FOR THE GOVERNMENT:           ELI RUBIN
                               Department of Justice
                               99 NE 4th Street
                               Miami, FL 33132

                               PETER L. COOCH
                               SHALIN NOHRIA
                               Department of Justice
                               1400 New York Avenue NW
                               Washington, DC 20005
```

| | | |
|---|---|---|
| 1 | FOR DEFENDANT ZAGLIN: | CRAIG A. GILLEN |
| | | ANTHONY LAKE |
| 2 | | Gillen & Lake LLC |
| | | 400 Galleria Parkway |
| 3 | | Suite 1920 |
| | | Atlanta, GA 30339 |
| 4 | | |
| | | ROBERT MICHAEL PEREZ |
| 5 | | 3162 Commodore Plaza |
| | | Suite 3E |
| 6 | | Coconut Plaza, FL 33133 |
| 7 | FOR DEFENDANT MARCHENA: | JOSE O. CASTANEDA, JR. |
| | | PO Box 670008 |
| 8 | | Coral Springs, FL 33067 |
| 9 | FOR DEFENDANT CENTENO: | JENNY WILSON |
| | | 40 NW Third Street |
| 10 | | Suite Penthouse One |
| | | Miami, FL 33128 |

20  STENOGRAPHICALLY REPORTED BY:

22  VERNITA ALLEN-WILLIAMS, RPR, RMR, FCRR
    Official Court Reporter to:
23  The Honorable Jacqueline Becerra
    United States District Court
24  Southern District of Florida
    400 North Miami Avenue
25  Miami, Florida 33128
    Vernita_Allen-Williams@flsd.uscourts.gov

(Call to the Order of the Court at 2:48 p.m.)

THE COURTROOM DEPUTY: Case No. 23-CR-20454-Becerra, United States of America vs. Carl Alan Zaglin, Aldo Nestor Marchena, and Francisco Roberto Cosenza Centeno.

Counsel, please state your appearances for the record starting with the government.

MR. RUBIN: Good afternoon, Your Honor. Eli Rubin, Peter Cooch, and Shalin Nohria on behalf of the United States of America.

THE COURTROOM DEPUTY: For Mr. Zaglin.

MR. GILLEN: Good afternoon, Your Honor. Craig Gillen and Anthony Lake, counsel for Mr. Centeno here. And Mr. Zaglin is also present in the conference room.

THE COURTROOM DEPUTY: Mr. Marchena.

MR. CASTANEDA: Good afternoon, Judge. Attorney Jose Castaneda for Mr. Aldo Marchena.

MS. WILSON: Good afternoon, Your Honor.

THE COURTROOM DEPUTY: For Mr. Centeno.

MS. WILSON: Sorry, Donna. Jenny Wilson on behalf of Mr. Cosenza.

THE COURT: Good afternoon. I called you in here for a status conference or just a brief conference because we're set for trial in April, and I saw that the assessment is that it's a three-week trial. I had plans to be out of the district the week of the 21st. I suspect some jurors might have the same issue,

```
02:50PM   1   since that's one of the spring break weeks for Miami-Dade County.
02:50PM   2           If I have to cancel it, I'll cancel; but before canceling
02:50PM   3   my daughter's spring break, I thought I would ask you all:  Are we
02:50PM   4   really going in April?  And is it really three weeks?
02:50PM   5           If we're really going in April, I might be inclined to
02:50PM   6   start it a little bit earlier, if we can.  If not and we really
02:50PM   7   have to go in April, I don't expect the defendants to waive their
02:50PM   8   speedys to accommodate me.  I just wanted to kind of get a sense
02:50PM   9   from the government and from each defendant:  Are we really going
02:50PM  10   to trial?  And how long do we think it's going to be?
02:50PM  11           Let me hear from you, Mr. Rubin.
02:51PM  12           MR. RUBIN:  Thank you, Your Honor.  We are currently
02:51PM  13   proceeding on two tracks; one preparing for April 7th trial; and,
02:51PM  14   two, we are complying with the President's recent executive order
02:51PM  15   concerning FCPA investigations and enforcement actions, which
02:51PM  16   requires the Attorney General to review all current enforcement
02:51PM  17   actions, and we are actively facilitating and ensuring that
02:51PM  18   review.
02:51PM  19           We are not moving for a continuance.  We understand
02:51PM  20   defense counsel will.  We would not oppose a brief continuance,
02:51PM  21   but we would oppose a longer continuance.
02:51PM  22           THE COURT:  All right.  Let me hear from you, Mr. Gillen.
02:51PM  23   What background is that?
02:51PM  24           MR. GILLEN:  Mr. Gillen for Mr. Zaglin.
02:52PM  25           And I apologize when I announced that I am here with
```

| | | |
|---|---|---|
| 02:52PM | 1 | Mr. Lake, I forgot to mention that Mr. Perez is on the call as |
| 02:52PM | 2 | well.  So Robert Perez also for Mr. Zaglin.  This is our situation |
| 02:52PM | 3 | -- |
| 02:52PM | 4 | THE COURT:  I'm just curious as to what background you're |
| 02:52PM | 5 | using on your Zoom.  What is that. |
| 02:52PM | 6 | MR. GILLEN:  I'm using the background that Mr. Lake put |
| 02:52PM | 7 | on his computer.  The first time I ever saw it, Your Honor, was |
| 02:52PM | 8 | when we turned it on and I saw myself with that background. |
| 02:52PM | 9 | THE COURT:  It's interesting. |
| 02:52PM | 10 | MR. LAKE:  It's Trinity College Library in Dublin, |
| 02:52PM | 11 | Ireland. |
| 02:52PM | 12 | MR. GILLEN:  It's much more attractive than the |
| 02:52PM | 13 | background in our conference room in Atlanta. |
| 02:52PM | 14 | THE COURT:  Yes, I suspect that it's definitely not |
| 02:52PM | 15 | Atlanta, but that's all right. |
| 02:52PM | 16 | Let me hear from you, sir. |
| 02:52PM | 17 | MR. GILLEN:  This is our position, Your Honor, and we did |
| 02:52PM | 18 | speak with the government's counsel yesterday about this.  We, |
| 02:52PM | 19 | having read the President's executive order dated February |
| 02:53PM | 20 | the 10th, 2025, we believe that we are in the strike zone of the |
| 02:53PM | 21 | area in which the President has directed that the Attorney General |
| 02:53PM | 22 | review these matters.  And we believe that the executive order, |
| 02:53PM | 23 | the President is saying that the attorney general should conduct |
| 02:53PM | 24 | that review within 180 days. |
| 02:53PM | 25 | And what we had discussed with government's counsel |

02:53PM 1 yesterday, and they are not, you know, we agree to disagree,
02:53PM 2 everything is in flux as it relates to this, but our position is
02:53PM 3 that we are within the strike zone of this executive order.  The
02:53PM 4 case has not begun trial yet.  This is exactly what the President
02:53PM 5 wishes for the Attorney General to review, and we welcome that
02:53PM 6 review.
02:53PM 7         But we have and what our position will be with the
02:53PM 8 Department of Justice at whatever level we can have our voice
02:54PM 9 heard, will be that we believe that there should be a motion to
02:54PM 10 dismiss without prejudice allowing the Attorney General the
02:54PM 11 180 days to review the matter.  That way -- excuse me -- that way
02:54PM 12 we don't have a problem with the speedy trial issues, we don't
02:54PM 13 have a problem with the Court's vacation issue for spring break,
02:54PM 14 so it's all in flux.
02:54PM 15         I will say as relates to a brief continuance regarding
02:54PM 16 the trial, we don't have a problem with that.  But we do think
02:54PM 17 that right now that we should know something, I would imagine,
02:54PM 18 within DOJ within the next -- hopefully within the next week or
02:54PM 19 two about how DOJ perceives pending FCPA cases that are not in the
02:55PM 20 middle of a trial like our case, and so that's where we stand.
02:55PM 21         We think hopefully that once DOJ looks at this, there
02:55PM 22 will be a pause.  We think it should not be a motion to stay; it
02:55PM 23 should be a motion to dismiss without prejudice, allowing the
02:55PM 24 Attorney General to do the review the President requests.  So
02:55PM 25 that's where we stand on issue one, the executive order.

02:55PM 1       But issue two, we have no problem whatsoever with a brief
02:55PM 2  continuance of the trial date to facilitate and accommodate the
02:55PM 3  Court and potential jurors for the spring break issues.
02:55PM 4       THE COURT: All right. Let me hear from -- is it you,
02:55PM 5  Mr. Castaneda who is going to speak for your client? You're on
02:55PM 6  mute. You hit the button twice.
02:56PM 7       MR. CASTANEDA: Sorry. Technical difficulties.
02:56PM 8       THE COURT: No problem.
02:56PM 9       MR. CASTANEDA: I did speak with cocounsel and Mr. Gillen
02:56PM 10 and attorney Wilson. I never had a situation like this come up
02:56PM 11 during a litigation of a case, Your Honor.
02:56PM 12      So I spoke to my client, he is in custody, but he is
02:56PM 13 serving a sentence on something else, so we did previously waive
02:56PM 14 speedy trial, but I guess we'll go along with what counsel is
02:56PM 15 saying. We don't mind resetting the trial and seeing what the
02:56PM 16 government is going to do with this case.
02:56PM 17      I know Mr. Rubin and Mr. Cooch have been giving us
02:56PM 18 information; I just don't know what the status will be in this
02:56PM 19 case.
02:56PM 20      THE COURT: Ms. Wilson.
02:56PM 21      MS. WILSON: Yes, Your Honor. I agree with much of, if
02:56PM 22 not all of, what has been said today. The fact that this order
02:56PM 23 came out last week, it puts us in a bit of a strange situation
02:56PM 24 preparing for trial or, alternatively, moving forward on any kind
02:57PM 25 of resolution in light of the President's fairly clear orders.

```
02:57PM   1        So whether it's a stay or a continuance or the option
02:57PM   2   that Mr. Gillen proposed, we will defer to the Court.  But to the
02:57PM   3   extent that we need to waive speedy in a limited fashion to get
02:57PM   4   this resolved, we certainly would agree to do so.
02:57PM   5        THE COURT:  What I am not hearing, and let me hear now
02:57PM   6   from you, Mr. Rubin, the executive order, and I am going by memory
02:57PM   7   now, was, and I think somebody mentioned, was 180 days.
02:57PM   8        Does the government have any sense of when that review in
02:57PM   9   this case will be done because from my vantage point, I would
02:57PM  10   suspect that the defense lawyers are taking one position now; if
02:57PM  11   the Attorney General thinks this case needs to go forward, then
02:57PM  12   they need to start getting ready for trial.  It probably doesn't
02:57PM  13   make a ton of sense to get ready for trial if they're trying to
02:57PM  14   negotiate or if they're thinking that there's going to be a
02:57PM  15   dismissal.
02:57PM  16        So I want to have some sense of what the government's
02:58PM  17   timeline is for this.
02:58PM  18        MR. RUBIN:  Yes, Your Honor.
02:58PM  19        The 180-day time period refers to the Attorney General's
02:58PM  20   setting of new guidelines; it does not speak to the review of
02:58PM  21   current enforcement actions.
02:58PM  22        We understand that the Attorney General has prioritized
02:58PM  23   her review of indicted cases, and we are doing everything we can
02:58PM  24   to expedite that review.  We do not yet know when that review will
02:58PM  25   be complete.
```

```
02:58PM   1          THE COURT:  All right.  So then in light of the fact that
02:58PM   2   the government is representing that the Attorney General will be
02:58PM   3   reviewing this matter, the Justice Department in Washington will
02:58PM   4   be reviewing this matter, let me hear from each defendant as to
02:58PM   5   whether or not they seek a continuance of the current trial date
02:58PM   6   for that reason and for how long.  I'm not inclined to stay a
02:58PM   7   criminal case with defendants that are in custody; I am not
02:59PM   8   inclined to do that.
02:59PM   9          So tell me if you seek a continuance for that reason
02:59PM  10   because you are trying to figure out what's going to happen.  Let
02:59PM  11   me hear how much, because otherwise I have to have it on a trial
02:59PM  12   calendar, and I'm not necessarily inclined to even move it from
02:59PM  13   the calendar it's on now.  I wanted to hear from you whether it
02:59PM  14   was really going to go because I didn't want to hear two weeks
02:59PM  15   before trial:  Oh, now we need another two weeks.
02:59PM  16          If folks don't object to me just setting the trial the
02:59PM  17   last week of April, I'll do that.  If you need more time because
02:59PM  18   of what Mr. Rubin has represented, then that's fine.  But I need a
02:59PM  19   date.  If you're going to move to dismiss the indictment, that's a
02:59PM  20   whole different thing; file your motion.
02:59PM  21          But I need to keep a trial date.  So let me hear from
02:59PM  22   you, Mr. Gillen.  What say you on the trial date for this matter?
02:59PM  23          MR. GILLEN:  Your Honor, right now what I would ask the
02:59PM  24   Court to do is now to extend the trial date to the end of April.
03:00PM  25   That's fine.  But also to set within two or three weeks another
```

```
03:00PM   1   status conference to determine whether or not progress is being
03:00PM   2   made at DOJ.
03:00PM   3           My understanding is that they really haven't sat down and
03:00PM   4   pounded out guidelines or anything to determine whether we think,
03:00PM   5   for example, that meet within the heartland of what the President
03:00PM   6   wants, to essentially stop investigations and enforcements.
03:00PM   7           This isn't really -- when you look at what the executive
03:00PM   8   order says, not only does it tell the Attorney General and mandate
03:00PM   9   the Attorney General to inspect or examine existing investigations
03:00PM  10   and enforcements, but the spirit of what President Trump was
03:01PM  11   saying is also reflected in Section D of the executive order where
03:01PM  12   he's actually saying there that:  The Attorney General shall
03:01PM  13   determine whether additional actions, including remedial measures,
03:01PM  14   with respect to inappropriate past FCPA investigations and
03:01PM  15   enforcement actions are warranted.
03:01PM  16           What does that mean?  The last thing that anybody wants,
03:01PM  17   I think, would be for a trial of this case to take place that
03:01PM  18   would fall into what the Attorney General would find to be the
03:01PM  19   heartland of cases that shouldn't go forward.  Nobody wants that.
03:01PM  20   I don't think the prosecutors want that.  We certainly don't want
03:01PM  21   that.  We don't know yet.
03:01PM  22           But I think, Your Honor, that the Attorney General's
03:01PM  23   office has got to be getting its act together on this, and one
03:01PM  24   would imagine within the next two or three weeks.  So I suggest
03:02PM  25   that we set now a trial date for the end of April.  The only --
```

```
03:02PM   1    and I have no problem with that.
03:02PM   2            And Mr. Zaglin is here.  And do you agree with me, Mr.
03:02PM   3    Zaglin?
03:02PM   4            DEFENDANT ZAGLIN:  Yes, sir.
03:02PM   5            MR. GILLEN:  He agrees with me that he doesn't have a
03:02PM   6    problem with that either.  And then schedule a conference call in
03:02PM   7    two or three weeks, or at the latest to have the government notify
03:02PM   8    the Court and counsel when they are getting instruction from the
03:02PM   9    Attorney General's office about how they're going to proceed with
03:02PM  10    indicted cases that fall within the heartland.
03:02PM  11            So I would say now move it to the end of April and set
03:02PM  12    another status conference for two or three weeks.  In the interim
03:02PM  13    if Peter or Eli hear additional information about how the Attorney
03:03PM  14    General's office and its decision will impact us, let us know, and
03:03PM  15    then we can have another status conference to revisit it.
03:03PM  16            THE COURT:  All right.  Mr. Castaneda.
03:03PM  17            MR. CASTANEDA:  Sorry, Judge.  Yeah, I concur with Mr.
03:03PM  18    Gillen.  I believe that's fine.  I know my client is in custody,
03:03PM  19    Your Honor.  I just wanted to make it clear that he is serving
03:03PM  20    another sentence, so it's really not an issue as far as that, so.
03:03PM  21            THE COURT:  But I think it is an issue for Ms. Wilson's
03:03PM  22    client because I believe Ms. Wilson's client was extradited.  Is
03:03PM  23    that correct, Ms. Wilson?
03:03PM  24            MS. WILSON:  He is, but he is a currently out on bond.
03:03PM  25            THE COURT:  So what is your position with respect -- I'd
```

```
03:03PM   1   just move the trial to April 28th is all I would do.
03:03PM   2            MS. WILSON:  Your Honor, we don't object to an April 28th
03:03PM   3   date at this point, just noting that a lot of things could change
03:03PM   4   in the next few weeks.  And as this starts evolving, I don't --
03:03PM   5   perhaps we will be back before the Court, but it's really too
03:03PM   6   early I think to say which way.
03:04PM   7            We certainly agree with everything that's been said, and
03:04PM   8   we think that this does fall squarely within the President's order
03:04PM   9   and we do believe it should be considered for dismissal; but at
03:04PM  10   this point late April is still two months away, so we don't object
03:04PM  11   right now to that remaining the trial date.
03:04PM  12            THE COURT:  All right.  Given the complexities of the
03:04PM  13   case before the issue of the executive order, I am going to leave
03:04PM  14   the calendar call as it is.  So the calendar call will remain the
03:04PM  15   same.
03:04PM  16            The first day of the trial is April 28th, and the
03:04PM  17   government is ordered to file every two weeks, starting two weeks
03:04PM  18   from today, a status with respect to its intentions to pursue the
03:04PM  19   case.  Mr. Rubin, if you have no information, you will have no
03:04PM  20   information; but you'll still have to file something every two
03:04PM  21   weeks.
03:04PM  22            I don't want to be in a position where the Attorney
03:04PM  23   General decides in late March that this case is not within the
03:04PM  24   heartland and that the government is going to continue to pursue
03:04PM  25   the case, and then all the defense lawyers tell me:  Well, we
```

03:04PM 1   haven't been getting ready for trial.  We need more time.  Right?
03:05PM 2   If you need more time to get ready for trial, I will give it to
03:05PM 3   you, obviously, but I'm trying to avoid that happening.  I'm
03:05PM 4   trying to keep a trial date that is as orderly as possible.
03:05PM 5           And so I will require the government every two weeks in
03:05PM 6   writing to submit the status with respect to its intentions to
03:05PM 7   continue to pursue the case, Mr. Rubin.  And I won't have status
03:05PM 8   conferences.  We will make the government do that in writing.  I
03:05PM 9   think that's more efficient, and I think that -- I obviously don't
03:05PM 10  know what the Attorney General is doing or what pace they're going
03:05PM 11  to be doing it or who is reviewing it.  I have no way of knowing
03:05PM 12  that, nor is it within my purview to know it at this time.  Mr.
03:05PM 13  Rubin can keep us advised.
03:05PM 14          That way if I am in a position where I have to clear that
03:05PM 15  trial because there is not going to be a trial, there's other
03:05PM 16  people waiting for trials; or if you're going to need more time,
03:05PM 17  then I know I have to move it because it's a three-week trial
03:05PM 18  that's going to take up a good bit of time on my calendar.  I
03:06PM 19  start a case in September that I'm going to be in trial in for
03:06PM 20  about three months, so I'm trying to juggle that to make sure that
03:06PM 21  I can try what I need to try before I disappear into that case.
03:06PM 22          Anything else on behalf of the United States then?
03:06PM 23          MR. RUBIN:  Yes, Your Honor.  Thank you.  Understood on
03:06PM 24  the status updates.
03:06PM 25          One point is the defense didn't formally move to

| | |
|---|---|
| 03:06PM | 1 |  continue, so I am not sure that the speedy trial waiver was
| 03:06PM | 2 |  triggered.  I don't know if you want to make a finding on the
| 03:06PM | 3 |  record or ask them to formally waive their rights under the speedy
| 03:06PM | 4 |  trial.
| 03:06PM | 5 |        And then second, is it worth visiting at this point in
| 03:06PM | 6 |  time a scheduling order?  We had previously submitted one with the
| 03:06PM | 7 |  agreement of Mr. Zaglin.  I don't want to belabor it if it's too
| 03:06PM | 8 |  complicated now, so I just raise that for your consideration.
| 03:06PM | 9 |        THE COURT:  No.  And that scheduling order is what
| 03:07PM | 10 | prompted me to have this hearing.  So with respect to the speedy,
| 03:07PM | 11 | I am interpreting -- I obviously called the issue of moving the
| 03:07PM | 12 | trial for the Court's docket.  But what I heard as we went through
| 03:07PM | 13 | each defendant is that each defendant was seeking additional time
| 03:07PM | 14 | to sort out these issues with the Department of Justice.
| 03:07PM | 15 |        I think they might have wanted more time than I've given
| 03:07PM | 16 | them, but I do find that the Speedy Act would be tolled for the
| 03:07PM | 17 | time period at least until the 28th, and I do so based on the
| 03:07PM | 18 | representations made by counsel and in the interests of justice.
| 03:07PM | 19 |        It is my practice to ask the defense lawyers to submit a
| 03:07PM | 20 | written waiver up until the 28th.  I think one or two of you might
| 03:07PM | 21 | have orally stated that there was a waiver.  I know Mr. Gillen
| 03:07PM | 22 | orally said his client agreed.  Mr. Castaneda said he didn't think
| 03:07PM | 23 | his client would disagree because he was already in custody.  I
| 03:07PM | 24 | think Ms. Wilson said that she didn't see an issue with the
| 03:07PM | 25 | speedy, but I will ask each lawyer to submit the speedy waiver up

```
03:07PM   1   until the 28th.
03:08PM   2           THE COURTROOM DEPUTY:  Signed by the defendant, Judge?
03:08PM   3           THE COURT:  Signed by the defendant, correct.  That's
03:08PM   4   what my order requires; that they each be signed by the defendant.
03:08PM   5   I will give you a week to get that.
03:08PM   6           Mr. Castaneda, if you need more time because your client
03:08PM   7   is in custody, I will give you an additional week to do so.
03:08PM   8           MR. CASTANEDA:  Thank you.  I had filed a written waiver
03:08PM   9   previously.  Do you want me to file another one, Your Honor?
03:08PM  10           THE COURT:  I think the written waiver that you had
03:08PM  11   previously didn't have a date is the problem.
03:08PM  12           MR. CASTANEDA:  Okay.
03:08PM  13           THE COURT:  So I like for them to have a date so that I
03:08PM  14   think the record is most clear that way, so do it with respect to
03:08PM  15   a date.
03:08PM  16           With respect to the scheduling order, I am hesitant to
03:08PM  17   enter it at this time.  Mr. Rubin, let's see where you are two
03:08PM  18   weeks from now.  If two weeks from now it seems like it is a case
03:08PM  19   that's going forward, then you will resubmit a scheduling order
03:08PM  20   because I've moved the trial back two weeks already, so some of
03:08PM  21   those dates might change.  I will work with you on the dates.
03:08PM  22           I am going to work with you on the scheduling order.  I
03:08PM  23   think it is a good practice to have a scheduling order on a case
03:09PM  24   of this complexity, so submit it; but I am not going to enter the
03:09PM  25   one that you just proposed now because, A, we have moved the case
```

```
03:09PM   1   a couple of weeks; and, B, it looks like things are sufficiently
03:09PM   2   in flux that those dates are going to be probably reconsidered.
03:09PM   3           MR. RUBIN:  Understood.  Thank you, Your Honor.
03:09PM   4           THE COURT:  All right.  Mr. Gillen, anything else on
03:09PM   5   behalf of your client?
03:09PM   6           MR. GILLEN:  No, Your Honor.  I was having difficulty
03:09PM   7   hearing what the Court stated.
03:09PM   8           Our new trial date would be what date?
03:09PM   9           THE COURT:  The 28th of April.
03:09PM  10           MR. GILLEN:  April the 28th, yes, Your Honor.  Nothing
03:09PM  11   other than if we hear back, I would state that the next major date
03:09PM  12   on the scheduling order is March the 4th preliminary exhibit and
03:09PM  13   witness list.
03:09PM  14           THE COURT:  So I am not entering that scheduling order.
03:09PM  15   We're going to wait to see what happens in the next two weeks in
03:09PM  16   the first instance.  So your calendar call is still -- I think it
03:09PM  17   was April 2nd.  Donna?
03:10PM  18           THE COURTROOM DEPUTY:  April 1st.
03:10PM  19           THE COURT:  April 1st.  Trial April 28th the standard
03:10PM  20   order that you now have has some dates you work backward from.  I
03:10PM  21   know the parties want a different scheduling order; I am not going
03:10PM  22   to enter that one now.  We will see where we are two weeks from
03:10PM  23   now and whether or not you come up with something different given
03:10PM  24   the change.  All right?
03:10PM  25           MR. GILLEN:  I would just simply say this, and I
```

03:10PM 1    appreciate the Court's flexibility.  And we do appreciate the
03:10PM 2    cooperation that we have had with the prosecutor regarding the
03:10PM 3    scheduling order.
03:10PM 4            The voluminous nature of the exhibits in this case is
03:10PM 5    such that we found that both in our respective interests to set
03:10PM 6    out these fairly early discovery for exhibit lists and witness
03:10PM 7    lists, and so we are going to be moving forward to try to get ours
03:10PM 8    in pretty good shape.  I know that the prosecutors have been
03:11PM 9    working with us, and we agree that we want to have this in a
03:11PM 10   situation for the Court and for the jury where the trial will go
03:11PM 11   as smoothly as possible.
03:11PM 12           So I just would indicate that when we hear back from the
03:11PM 13   government that we would like something that will give us some
03:11PM 14   assurances about when we're going to be getting our exhibit lists,
03:11PM 15   witness lists, and our responses and the motions in limine, which
03:11PM 16   could be somewhat complex in this case.
03:11PM 17           THE COURT:  Right.  I think that's exactly what I said.
03:11PM 18   So I am not going to enter the one that's proposed now because
03:11PM 19   both the case appears to be in flux and the trial has moved three
03:11PM 20   weeks.  So in the next status report, which Mr. Rubin will submit
03:11PM 21   two weeks from now, depending on where you are two weeks from now,
03:11PM 22   you may request that I enter a scheduling order; and if it's a
03:11PM 23   joint one, I will enter it.  I suspect that the dates will move a
03:11PM 24   little bit given that the trial right now has already moved three
03:11PM 25   weeks.  All right?

| | | |
|---|---|---|
| 03:11PM | 1 | MR. GILLEN:  Thank you, Your Honor. |
| 03:12PM | 2 | THE COURT:  Mr. Castaneda? |
| 03:12PM | 3 | MR. CASTANEDA:  Judge, would the calendar be on Zoom or |
| 03:12PM | 4 | would that be in person? |
| 03:12PM | 5 | THE COURT:  No, in person.  I only did this by Zoom now |
| 03:12PM | 6 | because I know Mr. Gillen is in Atlanta and I thought it was a |
| 03:12PM | 7 | fairly routine status and I didn't want to have him fly down just |
| 03:12PM | 8 | for that, but you all will have to come for the calendar call. |
| 03:12PM | 9 | MR. CASTANEDA:  Thank you, Judge. |
| 03:12PM | 10 | THE COURT:  Ms. Wilson? |
| 03:12PM | 11 | MR. GILLEN:  Thank you, Your Honor, for accommodating us |
| 03:12PM | 12 | here in Atlanta.  We appreciate that. |
| 03:12PM | 13 | THE COURT:  Sure.  Ms. Wilson? |
| 03:12PM | 14 | MS. WILSON:  Nothing on behalf of Mr. Cosenza.  Thank |
| 03:12PM | 15 | you, Your Honor. |
| 03:12PM | 16 | THE COURT:  Thank you very much.  We're in recess. |
| 03:12PM | 17 | MR. RUBIN:  Thank you, Your Honor. |
| 03:12PM | 18 | MR. CASTANEDA:  Take care, everyone. |
| 03:12PM | 19 | (Recess at 3:12 p.m.) |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

C E R T I F I C A T E

    I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

DATE:  2/27/25

/s/Vernita Allen-Williams
VERNITA ALLEN-WILLIAMS, RMR, CRR
Official Court Reporter
United States District Court
Southern District of Florida
400 North Miami Avenue
Miami, Florida 33128
(305) 523-5737